**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DONNA G. BRANHAM,

              Plaintiff,

v.                                  CIVIL ACTION NO.   2:18-cv-01454

BERLIN PACKAGING, LLC, et al.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Leave to File a Second Third-Party Complaint filed by Defendants Berlin Packaging, LLC, and Michelle Clapham (collectively, "Third-Party Plaintiffs"). (ECF No. 26.)   For the reasons stated herein, the motion is **GRANTED**.

Plaintiff Donna Branham ("Plaintiff") filed this suit against Third-Party Plaintiffs on September 14, 2018, for injuries she allegedly suffered in a motorcycle incident on September 18, 2016.   (*See* ECF No. 1-2.)   On October 30, 2018, Plaintiff filed an amended complaint asserting negligence on the part of both Third-Party Plaintiffs.   (*See* ECF No. 1-1.)   The amended complaint alleges that Ms. Clapham was driving southbound on Interstate 77 when she negligently lost control of her vehicle and collided with a tractor trailer.   (*Id.* at 2–3 ¶¶ 9, 11.)   The tractor trailer overturned and Ms. Clapham's vehicle turned sideways blocking the right lane of traffic. (*Id.* 2–3 ¶ 11.)   Immediately thereafter, Scottie Via—the driver of the motorcycle on which Plaintiff was a passenger—approached the accident in the right lane and intentionally "laid the

motorcycle down" to avoid colliding with traffic as a result of the collision. (*Id.* at 3 ¶ 12.) Plaintiff suffered bodily injuries as a result. (*Id.*)

Third-Party Plaintiffs properly removed this action to this Court on November 16, 2018, (ECF No. 1), and timely answered the amended complaint, (ECF No. 3). After some initial discovery, Third-Party Plaintiffs filed a third-party complaint against Mr. Via seeking indemnification or contribution for any liability attributed to them. (*See* ECF No. 4.) On July 8, 2019, Mr. Via was deposed and testified that Howard Gum was operating his motorcycle slightly ahead and adjacent to him in the same lane of traffic. (ECF No. 28-3 at 8 (Via Dep.).) Mr. Via explained that Mr. Gum laid down his motorcycle to avoid colliding with the traffic directly in front of him, and, as a result of Mr. Gum's actions, Mr. Via then laid down his motorcycle to avoid colliding with Mr. Gum and other vehicles ahead. (*Id*.) Based upon his deposition testimony, Third-Party Plaintiffs now seek to assert the same cause of action against Mr. Gum by way of a second third-party complaint. (*See* ECF No. 26-1.) Plaintiff timely filed a response opposing the motion for leave to file the third-party complaint, (ECF No. 28), and Third-Party Plaintiffs timely replied, (ECF No. 31).

Pursuant to Federal Rule of Civil Procedure 14(a)(1), a defendant may file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A third-party complaint therefore must be based upon a theory of derivative or secondary liability." *Podiatry Ins. Co. of Am. v. Falcone*, No. 3:10–1106, 2011 WL 1750708, at *5 (S.D. W. Va. Feb. 25, 2011) (citation omitted). A third-party complaint must be filed within fourteen (14) days of the filing of the original answer or with leave of the court. *See* Fed. R. Civ. P. 14(a)(1). The purpose of this time limitation "is to prevent delay in the litigation

process, and to encourage the defendant to implead the third-party as soon as possible after serving the answer." *Graham v. A.T.S. Specialized, Inc.*, No. 5:06–cv–00243, 2007 WL 1302544, at *2 (S.D. W. Va. May 2, 2007) (internal quotation marks and citation omitted).

Plaintiff asserts that the request is untimely because the joinder deadline set forth in the *Scheduling Order* elapsed on April 1, 2019. (*See* ECF No. 10.) Further, Plaintiff contends that Third-Party Plaintiffs knew of Mr. Gum's alleged negligent conduct since September 2018, when witness statements were provided to them through their insurer. Plaintiff argues that Third-Party Plaintiffs had ample time to further investigate the circumstances giving rise to Plaintiff's claims and joinder at this stage in the litigation would cause prejudice to Plaintiff.

Considering all relevant factors of Federal Rule of Civil Procedure 14(a), the Court finds that granting leave to file a third-party complaint against Mr. Gum is appropriate. First, Third-Party Plaintiffs have offered a plausible explanation for the delay in their contention that newly emerging evidence obtained through discovery forms the basis for the third-party complaint. Discovery has been promptly conducted and disclosed by all parties in this case. Statements of Mr. Via and eyewitnesses Mr. Gum, Kenneth Vaughn and Shauna Phipps were provided to Third-Party Plaintiffs through their insurer as early as August 31, 2018. (*See* ECF No. 28-5 at 2 (Demand Letter).) These statements confirm that Mr. Gum was driving in front of Mr. Via and that both Mr. Via and Mr. Gum laid down their bikes to avoid a collision. (ECF No. 28-6 (Via Affidavit) (stating "in an effort to avoid colliding with the tractor trailer and the other vehicles I applied my brakes and laid the motorcycle down . . . ."); ECF No. 28-7 (Vaughan Affidavit) (stating "Via avoided colliding with vehicles that was blocking his lane of travel by laying his motorcycle down . . . ."); ECF No. 28-8 (Phipps Statement) (stating both Gum and "Via had to lay

there [sic: their] bikes down, and it was either do that or go into the back of a tractor trailer."); ECF No. 28-9 (Gum Statement) (stating "I had to lay my bike down to avoid a collision. [Via] also laid his bike down, but I didn't know until afterwards, because he was behind me.").) Plaintiff's demand letter similarly states that "[b]oth Howard Gum and Scottie Via were forced to lay down their motorcycles to avoid colliding with the back of a tractor trailer." (ECF No. 28-5 at 2.) While, collectively, these witness statements and the demand letter indicate that both Mr. Via and Mr. Gum laid down their bikes, they do not contain any information to suggest that Mr. Via laid down his motorcycle for any other reason than to avoid colliding with a tractor trailer stopped in the lane directly ahead. It was not until Mr. Via's deposition on July 8, 2019, that Third-Party Plaintiffs were advised that Mr. Gum's actions caused or contributed to Mr. Via's decision to lay down his motorcycle.

Second, any prejudice to Plaintiff by the joinder of Mr. Gum to this action is minimal. The scope of discovery will not be significantly increased because the additional party has already provided a witness statement that may be further explored through his deposition. Any modifications to the current scheduling order to accommodate discovery for this third-party claim would be minor so as not to delay Plaintiff's opportunity to be heard and her claims decided. Further, given Third-Party Plaintiffs allege that Mr. Gum is or may be liable for all or part of Plaintiff's claims, (*see* ECF No. 26-1 at 3 ¶ 13), the interests of judicial economy require that the third-party complaint be allowed in order to avoid a duplicative second action.[1]    *See Cavender v.*

---

[1] Plaintiff argues that the third-party complaint is not appropriate under Rule 14(a) because Third-Party Plaintiffs allege that Mr. Gum is solely liable rather than secondarily liable for Plaintiff's injuries. However, a fair reading of the proposed third-party complaint shows that Third-Party Plaintiffs simply seek indemnification and/or contribution for Plaintiff's claims "based in whole or in part" on Mr. Gum's actions. (ECF No. 26-1 at 3 ¶ 13.) In effect, they are alleging the Mr. Gum proximately caused *or* contributed to Mr. Via's actions. *See Cox v. E.I. duPont de Nemours & Co.*, 269 F. Supp. 176, 179 (D. S.C. 1967) (holding that Rule 14 sets forth the procedure for the enforcement of a substantive right for indemnification or contribution).

*Consolidated Rail Corp.*, 588 F. Supp. 98, 102 (S.D. W. Va. 1984) (noting that Rule 14(a) provides that "a third party action may be maintained against one who is or may be liable to him for all or part of the plaintiff's claim.").

Accordingly, finding that Third-Party Plaintiffs' failure to seek joinder prior to the Court's deadline in the Scheduling Order was not within their control, that the third-party complaint will not substantially delay these proceedings and is necessary for proper adjudication of the rights of all parties involved, the Motion for Leave to File a Second Third-Party Complaint, (ECF No. 26), is **GRANTED**.  Third-Party Plaintiffs must file their third-party complaint against Mr. Gum on or before Friday, October 11, 2019, and effectuate service of the third-party complaint within 30 days of filing it.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     October 4, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE